IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KENNETH HUDDLESTON, | ) |
| Petitioner, | ) Civil No. 06-671-TC |
| v. | ) FINDINGS AND |
| | ) RECOMMENDATION |
| BRIAN BELLEQUE, | ) AND ORDER |
| Respondent. | ) |

COFFIN, Magistrate Judge.

Petitioner filed a petition under 28 U.S.C. § 2254 challenging a March 22, 2006, decision by the Board of Parole and Post-Prison Supervision ("Board") in which it deferred petitioner's release date for 24 months for a projected release date of September 25, 2008.

To proceed with a federal habeas corpus petition, 28 U.S.C § 2254(b)(1) requires petitioners to "exhaust" state remedies on all claims alleged in the petition, unless it

1 - FINDINGS AND RECOMMENDATION and ORDER

appears there is an absence of state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights.[1] Generally, this exhaustion requirement is satisfied if a petitioner "fairly present" their federal claims to the appropriate state court, thereby "afford[ing] the state courts meaningful opportunity to consider [the] allegations of legal error." Vasquez v. Hillary, 474 U.S. 254, 257 (1986) (quoting Picard v. Conner, 404 U.S. 270, 275-76 (1971). The exhaustion requirement's purpose is "to give the State the 'opportunity to pass upon and correct' alleged violations of it's prisoner's federal rights ..." Duncan v. Henry, 513 U.S. 364, 365 (1995).

In Rose v. Lundy 455 U.S. 509 (1982), the United States Supreme Court indicated that the exhaustion requirement's touchstone is that no state remedies are available when the § 2254 petition is filed. All state remedies are unavailable when the federal claims have been "fairly presented to the highest state court. Picard v. Conner, supra,; Schwartzmiller v. Gardner, 752 F.2d 1341, 1344 (9th Cir. 1984). A claim is

---

[1] 28 U.S.C. § 2254(b)(2) (1977) allows federal courts to *deny* applications for habeas corpus relief on the merits notwithstanding an applicants failure to exhaust available state remedies, if it will save state and federal judicial resources. See, Liebman andd Hertz, *Federal Habeas Corpus Practice and Procedure*, 1996 Cumulative Supplement to Volumns 1 and 2, pg. 161 (2nd Ed. 1996).

2 - FINDINGS AND RECOMMENDATION and ORDER

"fairly presented" if the legal basis of the federal constitutional claim is actually addressed; merely detailing the facts surrounding a claim is insufficient. <u>Picard v. Conner</u>, <u>supra</u>; <u>Anderson v. Harless</u>, 459 U.S. 4 (1982). <u>See also</u>, <u>Duncan v. Henry</u>, <u>supra</u>. Additionally, a claim is not fairly presented and therefore unavailable if it is raised in a "procedural context in which its merits will not be considered." <u>Castille v. Peoples</u>, 489 U.S. 346, 351-52 (1989) (claim first raised on petition for discretionary review to state Supreme Court).

Furthermore, petitioners must exhaust their claims by presenting them to the state courts even if doing so appears futile. In <u>Engle v. Isaac</u>, 456 U.S. 107 (1982), the Court said: "If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even if a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid. 456 U.S. at 130; <u>see also</u>, <u>Noltie v. Peterson</u>, 9 F.3d 802, 805-806 (9th Cir. 1993) (rejecting futility doctrine argument and requiring petitioner to present his claim to the Washington Supreme Court even though petitioner argued that the court already rejected his claim).

3 - FINDINGS AND RECOMMENDATION and ORDER

If any of a petitioner's claims are not exhausted at the time his federal habeas corpus petition is filed, district courts should dismiss the petition. In Coleman v. Thompson, 501 U.S. 722 (1993), the Court stated that "[t]his Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims ... This exhaustion requirement is ... grounded in principles of comity.]" Id. at 722 See also, James v. Borg, 24 F.3d 20, 24 (9th Cir) ("In general, a habeas petition should be dismissed if a petitioner has failed to exhaust state remedies as to even one claim") cert. denied, 115 S.Ct. 333 (1994).

Finally, the appropriate time to determine whether claims are exhausted is the date the petitioner files his federal habeas corpus petition. "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993). (citing White v. Lewis, 874 F.2d 599, 602 (9th Cir. 1989); Mathis v. Oshiro, 683 F.2d 318, 321 (1981)). If an available state remedy still exists when the petition is filed, the proper ground for dismissing the petition is failure to exhaust, not procedural default. Id at 914.

4 - FINDINGS AND RECOMMENDATION and ORDER

The record reflects that the administrative review of the Board's decision challenged by petitioner in this proceeding is still pending. After the Board issues an Administrative response, petitioner can seek judicial review (in the Oregon Court of Appeals) under ORS 144.335.

Petitioner acknowledges that he has not exhausted state remedies with respect to his claims. Petitioner contends "there exists circumstances rendering any state process futile and ineffective to protect petitioner's rights." Petition (#1) p. 8. Petitioner argues that "[t]he Parole Board usually takes 24 - 36 months unfair prejudicial delay in providing their Administrative Review Response." Id., p. 12.

Petitioner's claim is essentially that there is evidence that contradicts the Board's finding, based on a doctor's report and diagnosis, that petitioner suffers from a present severe emotional disturbance that constitutes a danger to the health or safety of the community.

Under these circumstances, a "delay" in the administrative process does not render the process futile and ineffective to protect petitioner's rights.

Petitioner has not exhausted his available state remedies with respect to his 28 U.S.C. § 2254 claims. Therefor, the Petition (#1) should be denied without prejudice. Petitioner's Motion for Appointment of Counsel should be denied as moot.

5 - FINDINGS AND RECOMMENDATION and ORDER

This proceeding should be dismissed.

DATED this 25 day of May, 2006.

_____
Thomas M. Coffin
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION and ORDER